

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

March 31, 1965

Honorable Gene N. Fondren                    Opinion No. C-409
Chairman, Subcommittee on
Municipal and Private Corporations
House of Representatives
Austin, Texas                                Re: Effect of
                                                 proposed amend-
                                                 ments to H. B. 20
Dear Mr. Fondren:                                and H. B. 371.

        Your request for our opinion states that the subcom-
mittee of the House Committee on Municipal and Private
Corporations is currently considering H. B. 20 and
H. B. 371. Since the introduction of these Bills, the
subcommittee has been advised that litigation has
arisen. In an effort to avoid any prejudicial effect
by these Bills on such litigation, amendments to both
Bills have been proposed. You have requested our
opinion concerning whether these proposed amendments
would be effective to the extent that the provisions of
such Bill will not affect any pending litigation or the
title to real estate.

        The proposed amendment to H. B. 20 is as follows:

        "nor shall the provisions of this Act affect,
        in any way, the title to real estate, the owner-
        ship of which has been contested or attacked
        or is involved in any pending suit or
        litigation."

        The proposed amendment to H. B. 371 provides:

        "Sec. 4. The provisions of this Act shall not
        apply to any revenue time warrant nor revenue
        bonds, the validity of which has been contested
        or attacked in any pending suit or litigation;
        nor shall the provisions of this Act affect,
        in any way, the title to real estate, the owner-
        ship of which has been contested or attacked
        or is involved in any pending suit or litigation."

H. B. 371 is a proposed amendment to Article 1015g, V.C.S., which authorizes any city or town to acquire any toll bridge within a distance of fifteen miles of its corporate limits and making provisions relating thereto. H. B. 20 proposes to validate certain proceedings by certain cities and towns under, among others, Article 1015g, V.C.S.

The proposed amendments to H. B. 20 and H. B. 371 clearly indicate on their face a Legislative intent to restrict the applicability of such Bills and to expressly exclude any application of either Bill to any party in any pending suit or litigation including that in which the title to real property is in question. There are many instances in which such type of limitation has been placed. See, for example, Articles 2815g-7 and 2922a-1, V.C.S.

It is our opinion that it is within the province of the Legislature to restrict the application of its enactments in this manner, and that the proposed amendments in question here will preclude H. B. 20 and H. B. 371 from affecting pending litigation, including that in which the title to real property is in question.

## S U M M A R Y

The proposed amendments to H. B. 20 and H. B. 371 are effective to the extent of making the provisions of such Bill inapplicable to any pending litigation including that affecting the title to real property.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

PAUL PHY
Assistant Attorney General

PP:ss

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Pat Bailey
Milton Richardson
Ralph Rash

APPROVED FOR THE ATTORNEY GENERAL
By:   Stanton Stone